May it please the Court, my name is Francisco Leona. I'm the attorney for the appellant in this case, Venancio Casarez-Sanchez. This case involves a long-term, large-scale conspiracy, actually two conspiracies we contend, in southern Arizona in 2008. There were in that conspiracy two principal actors, Julio Vieira and Elias Guerrero Esquer. These men were involved in a large-scale conspiracy for a few years in southern Arizona. And they continued working in a large-scale conspiracy in which Mr. Casarez-Sanchez was also involved. Approximately in 2000 – in February of 2008, however, there was a dispute between these two gentlemen. And they parted ways. They didn't work together anymore after that. Well, that's your position. That's our position, yes. That's not what the district court found, is it? Yes. Well, the Court did find, Your Honor, that there was at least sufficient evidence that the jury could make a determination as to whether or not there were two conspiracies or one as charged by the government. The reason this case is brought before the Court is because the prosecution claimed that, in fact, there was only one overarching conspiracy, notwithstanding the fact that there was some evidence that in February of 2008 these men stopped working together. And two months after that, Mr. Casarez-Sanchez was arrested driving a semi-tractor trailer with a large quantity of marijuana in it. And the government did not seek to introduce any evidence of knowledge or intent as to Mr. Casarez-Sanchez. Rather, what they did is they brought in evidence from wiretaps that had been obtained against two people who were, we contend, involved in a separate conspiracy. And the prosecution was able to do that. If they were involved in the same conspiracy, do you lose? We don't concede that. The prosecution argues there was one overarching conspiracy and argued that whatever happened in February of 2008 didn't affect, in the government's theory, the fact that there was only one conspiracy. That was their position. Counsel, if I could interject a theory question for you. Isn't it the correct standard here that what we're looking at is whether under the Supreme Court's Jackson v. Virginia case, a rational jury could have decided if there was one conspiracy here? It is the standard, and I recognize that we have a difficult road to go down here. The reason I suggest to the Court that it was two conspiracies is because when Mr. Casarez was arrested, the two people that the government's wiretap information came in from had absolutely no knowledge, no involvement. Can I ask you, though, you haven't really answered my question, I think. At least I didn't understand the answer. And the question is, if you are wrong about that or we think you're wrong about that, is that the end of your case or do you have another arrow to your quiver? Probably not, Your Honor. As I say, I realize I have a difficult road to go here. But the problem is that it's difficult to tell because the evidence seems to suggest and the court was convinced, the district court was convinced that there was at least some evidence that there was two conspiracies. But by that time, all the testimony about these other conversations between these people that had no relation to the conspiracy that Mr. Casarez was involved in, we contend, prejudiced him and denied him a fair trial. And that's where I think the fault lies in that the district court, in my estimation, should have held a hearing and required the prosecution to show why it is that their position is that there's only one overarching conspiracy existed when, in fact, these two people, the conversations between these two people may explain that they had absolutely no knowledge or involvement in what happened on April the 14th. And the conversations that came in were conversations that occurred between two people that, on the 16th, the 18th, and the 21st of April, and all they're doing is talking about the fact that Mr. Casarez has been arrested and they're wondering, who is he working for? What is he doing? But it's very obvious from the wiretap conversations that they're plainly involved in a conspiracy because that's why they're wondering. They want to try and protect themselves. But that's the danger, we submit, in the fact that the Court didn't require the prosecution before admitting that evidence to establish that, in fact, there was only one conspiracy. What happened is that the prosecution made its offer. The Court said, if the foundation is there, I'm going to let it in. Immediately when that occurred, when those witnesses testified that they had absolutely no knowledge or involvement in the load that Mr. Casarez was involved in, I asked the Court to strike that testimony and to indicate that, in fact, it had no business being in our case. But by that time, of course, it's too late. And that's what the – that's what our contention is, that we are prejudiced. Kennedy. Let's – arguendo, counsel. Let's assume you're correct. Let's say that we exclude the wiretap testimony. Isn't that a harmless error anyway? I mean, there's lots of evidence that ties your client to – they had a truckload of marijuana. They followed him and found another truckload of marijuana. The two conspirators testified about his role in a conspiracy. Hasn't the government met its burden here, whether the wiretap evidence is included or not? Well, I – I invite the Court's attention to the Sterone case, which says that if you're going to charge somebody with a conspiracy, that's the conspiracy you should prove. The fact that he may have been involved in other activities, other criminal activities involving another conspiracy results in a fatal variance of the charge for which the defendant should have to stand trial. He's only on trial for what is charged, the single conspiracy, overarching conspiracy that the prosecution charges. And to simply allow the fact that on another occasion he may have been involved in a different conspiracy, I think – That's another issue in terms of the variance of the indictment. Correct. But on the question that I raised, do you agree that even if you exclude the wiretap evidence, that there is sufficient evidence tying your client to the conspiracy that it would be a harmless error in any event? I don't believe that it is, Your Honor. And the reason I don't believe that it is is because the entire basis for the government's evidence of knowledge or intent depended on the conversation of the co-conspirators. They're the ones that are saying Mr. Caceres has been involved in other criminal activity. They're the ones that are saying he has done loads before. And the prosecution, although they did obtain a statement from Mr. Caceres Sanchez, never sought to introduce that statement or tried to say that it was a false statement or that it was a statement indicating knowledge or intent. Their whole basis for it is – for knowledge or intent is the fact that these other men are talking about the fact that Mr. Caceres has been involved in prior criminal activity. And Mr. Caceres, to be quite honest with you, in the statement that he did make immediately after he was arrested, said, I don't know anything about this marijuana in the vehicle that I've just been arrested. But he was released fairly quickly. The next day. And the wiretap evidence took place, if I understand correctly, after he was released. He was at liberty. Yes. It wasn't like he was in jail and these people were having a separate thing. He was out and about and at least, according to the government, dealing with a number of people in connection with this marijuana deal. Well, my position on that is that once he's arrested and driving a vehicle with that quantity of marijuana, his role in that conspiracy is over. Well, if – There may be another conspiracy. If you're correct. If I'm correct, that's correct. But if the government's correct that this was just an overarching conspiracy, whether they were bringing lots of marijuana in by using these kinds of trucks and so on, then the government's proved its case, hasn't it? Well, it's the overarching conspiracy in the same sense, Your Honor, that the prosecution would argue that everybody who's bringing marijuana across the border is involved in one overarching conspiracy to bring marijuana across the border. There's two separate conspiracies here we submit to the Court. Do you want to save your time? Yes, thank you, Your Honor. Okay. Let's hear from the government. May it please the Court, I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States. The government in this case proved and the jury found that there was one overall conspiracy that this defendant was a participant in. The best summary of the evidence was actually given by the district court when he said basically what you have here is you have an overarching conspiracy to transport marijuana by trucks. Sometimes the main conspirators hired the defendant directly. Sometimes they hired him through a middleman. But it was all part of the same conspiracy, and that's what the government proved.  So the government established that this defendant was a participant in one overarching conspiracy. Now, the district court did not abuse its discretion in admitting the wiretapping   conversations because, again, the evidence established that the conspiracy was still ongoing. The statements were in furtherance of that conspiracy. They were talking about there was discussion about planning future loads and correcting deficiencies so future loads don't get caught. So they were clearly in furtherance of the conspiracy, and they were made while the conspiracy was still ongoing. And so, based on all the evidence that the jury found there was a single conspiracy, the court could also make that finding. And at that point, that finding is reviewed for clear error. So based on the evidence, the government has proven one single conspiracy. Unless the Court has any further questions. I don't believe we do. Do you have any, Judge? I have no questions. Very good, counsel. Thank you. If you want to use your remaining minute. Just briefly, Your Honor. It is true that Mr. Vieira and Mr. Franke in their conversations were talking about trying to plan future loads. But the reason they were doing so was because they were concerned about their conspiracy, not the one that Mr. Cussidous was involved in. And to that extent. They didn't say that, though, did they? In fact, Mr. Franke said exactly that. He testified. And the reason they were interested. That we're not concerned about the conspiracy that Mr. ---- that your clients involved in, we're just concerned about our own conspiracy? He said that. Exactly. He did testify to that. He said the reason he was interested in finding out what had happened was because he wanted to be sure that he and Mr. Vieira were not caught. That's all I have, Your Honor. Okay.  Thank you very much, counsel, for your argument. The case just argued is submitted.
judges: Sack (2nd Cir.), Gould, M. Smith, Cjj